UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE MARSHALL, ET AL.** | **CIVIL ACTION** |
| **versus** | **No. 06-9619** |
| **AIR LIQUIDE - BIG THREE, INC., ET AL.** | **SECTION: I/1** |

ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiffs, Michelle Marshall, individually and on behalf of her minor children; Dorothy Jones; Jim Adams; and Tina Andrews, individually and on behalf of her minor children.  Also before the Court is a motion to transfer venue filed on behalf of defendants, Air Liquide - Big Three, Inc., f/k/a Lincoln Big Three, Inc.,  Air Liquide America Corp., and Air Liquide America L.P. (collectively "Air Liquide").  For the following reasons, plaintiffs' motion to remand is **GRANTED** and defendants' motion to transfer venue is **DISMISSED AS MOOT**.

*BACKGROUND*

Plaintiffs represent a class of current and former residents of the neighborhood surrounding defendant Air Liquide's chemical facility in New Orleans, Louisiana.[1]  The Air Liquide facility manufactured acetylene, and these manufacturing activities produced an allegedly hazardous chemical byproduct, carbide

---

[1] Rec. Doc. No. 14-3, p. 1.

lime.² Air Liquide was the owner and operator of the chemical facility.³ Pursuant to a plan submitted to the Louisiana Department of Environmental Quality by Air Liquide and defendant E. Roy Baggett, defendants, Global Lime Calciner of Louisiana, L.L.C., and Global Lime, L.L.C., were engaged to remove the carbide lime from the property.⁴ Defendant, David Bergeron, was a control engineer for Global Lime, L.L.C., and responsible for directing activities related to the carbide lime removal at the Air Liquide facility.⁵

Plaintiffs filed their complaint in Orleans Parish Civil District Court on June 28, 2005, alleging that they suffered harm from exposure to chemical substances produced and stored at the Air Liquide facility.⁶ Air Liquide originally removed this action to this Court on August 8, 2005. Plaintiffs moved to remand, and the Court granted the remand motion on February 6, 2006, based on procedural defects in the removal.⁷ In June and August, 2006, Air Liquide filed cross-claim demands against the Global Lime entities, alleging breach of contract and seeking

---

²Rec. Doc. No. 14-3, p. 3.

³*Id.*

⁴Rec. Doc. No. 14-3, pp. 3-4.

⁵Rec. Doc. No. 14-3, p. 4.

⁶Rec. Doc. No. 14-3.

⁷Rec. Doc. No. 14-7.

indemnification from Global Lime's insurer.[8]  On September 7, 2006, two Global Lime entities filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Texas.[9]  On November 6, 2006, Air Liquide removed the case to this Court, pursuant to 28 U.S.C. § 1452, as related to the Global Lime bankruptcy proceeding.[10]  On November 26, 2006, Air Liquide moved to transfer venue to the Eastern District of Texas, for reference to the Bankruptcy Court presiding over the Global Lime bankruptcy proceedings.[11]  On December 7, 2006, plaintiffs moved to remand this case to Civil District Court for the Parish of Orleans.[12]

### *LAW AND ANALYSIS*

This Court has recently recognized that there is no clear, binding rule as to whether the Court should first consider a motion to remand or a motion to transfer venue in a case removed pursuant to 28 U.S.C. § 1452(a).  In *Marquette Transp. Co. v. Trinity Marine Products, Inc.*, this Court stated, "[T]here is authority supporting the proposition that jurisdiction must be determined first as well as authority that it need not be determined prior to transfer."  No. 06-1281, 2006 WL 2349461, at

---

[8] Rec. Doc. No. 1-4, pp. 33-40.

[9] Rec. Doc. No. 14-9; Rec. Doc. No. 14-10.

[10] Rec. Doc. No. 1.

[11] Rec. Doc. No. 5.

[12] Rec. Doc. No. 14.

*2 n.12 (E.D. La. Aug. 11, 2006).  As in *Marquette*, the Court examines the circumstances of this particular case, and the nature of the bankruptcy proceedings, and concludes that the circumstances favor deciding the jurisdictional issue first.[13]

Plaintiffs assert three main arguments in support of their motion to remand:  1) removal of the entire case pursuant to Section 1452 requires unanimous consent of all defendants, 2) equitable remand pursuant to Section 1452(b) is appropriate, and 3) removal of this action violated the automatic stay of Bankruptcy Code Section 362.[14]

*A. Rule of Unanimity*

Plaintiffs assert that an entire case cannot be removed under Section 1452 without the consent of all defendants.  Air Liquide acknowledges that it has not obtained the consent of the other defendants for this removal, but rather asserts that unanimous consent is unnecessary for it to remove the entire case from state court pursuant to Section 1452(a).[15]

---

[13]The Court notes that the bankruptcy court has held a hearing on this matter in the context of a motion to lift the automatic stay of Bankruptcy Code Section 362 as to the Global Lime entities.  *See* Rec. Doc. No. 22-3.  The bankruptcy court ordered that the stay be lifted to permit this lawsuit to proceed in state court.  The order specifically noted that plaintiffs may determine and liquidate their claims against all defendants in the state court proceeding, but may only seek to enforce any judgment against the Global Lime entities with leave of the bankruptcy court.  Rec. Doc. No. 22-2, pp. 1-2.  While the bankruptcy court's order does not affect the authority of this Court to grant defendants' motion to transfer, the Court nonetheless notes the bankruptcy court's lack of objection to plaintiffs' lawsuit proceeding in Louisiana state court.

[14]Rec. Doc. No. 13-2, p. 5.

[15]Rec. Doc. No. 1, p. 5 ¶XII & ¶XV.

Section 1452(a) provides, "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under" the Bankruptcy Code. 28 U.S.C. § 1452(a). The Fifth Circuit has interpreted the general removal statute, 28 U.S.C. § 1446, to require that all properly served defendants join in a notice of removal. *See, e.g.*, *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002). However, the courts are in disagreement as to whether this rule of unanimity applies to removals under Section 1452, and the Fifth Circuit has not directly addressed the issue. *Orion Refining Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480, 483 (E.D. La. 2004) (Vance, J.).

After conducting its own thorough analysis, the Court in *Orion* applied the unanimity rule to Section 1452, holding, "To remove the entire action [under Section 1452], there must be a jurisdictional basis in federal court as to each party, and each party must seek or consent to the removal of the claim." *Id.* at 487. Here, as in *Orion,* the removing party failed to obtain the consent of the other defendants. Therefore, its "notice of removal is procedurally defective, and ... remand is warranted." *Id.* However, given the disagreement among the courts as to the rule of unanimity, this Court will follow the approach in *Orion* and also rest its remand decision on its conclusion that equitable remand pursuant to Section 1452(b) is appropriate in

-5-

this particular case.  *See id.*

*B. Equitable Remand*

Plaintiffs also assert that remand is appropriate pursuant to Section 1452(b), which provides that a claim removed under the Bankruptcy Code may be remanded "on any equitable ground."  28 U.S.C. § 1452(b).  Section 1452(b) also provides that orders to remand are not reviewable on appeal.  *Id.*  As this matter is related to the Global Lime bankruptcy proceeding,[16] but not a core proceeding,[17] the Court finds jurisdiction pursuant to

---

[16] The bankruptcy jurisdiction of district courts and bankruptcy courts is conferred by 28 U.S.C. § 1334.  Section 1334(a) provides for exclusive jurisdiction "of all cases under title 11." 28 U.S.C. § 1334(a). Section 1334(b) provides original, but not exclusive, jurisdiction "of all proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b).  "For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11. ... it is necessary only to determine whether a matter is at least 'related to' the bankruptcy."  *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987).  A matter is "related to" a bankruptcy if its outcome "could *conceivably* have any effect on the estate being administered in bankruptcy."  *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

The Court finds that the matter here is "related to" the Global Lime bankruptcy proceedings.  Since the Global Lime entities are defendants in this lawsuit, there is a possibility of recovery against them that would affect the estate.  "Certainty, or even the likelihood, of an effect on the estate is not required."  *Orion*, 319 B.R. at 487 (citing *In re Canion*,196 F.3d 579, 586-87 & n. 30 (5th Cir. 1999)).

[17] If this proceeding were a "core" proceeding, one over which the federal courts have exclusive jurisdiction, then remand would effectively act as a dismissal of the lawsuit and would be inequitable. *Landry v. Exxon Pipeline Co.*, 260 B.R. 769, 781 (Bankr. M.D. La. 2001).  However, this matter is not a core proceeding as it involves pre-petition state law claims.  *See In re Apex Exp. Corp.*, 190 F.3d 624, 631-32 (4th Cir. 1999) ("[S]uch claims, at least when grounded in state law and arising pre-petition, must be treated as non-core."); *Landry*, 260 B.R. at 781 (matter not "core" where it could proceed with equal dignity in state court).  Plaintiffs and Air Liquide may pursue their claims against the Global Lime entities, which arose before bankruptcy, in state court and then seek leave to enforce any such judgment against Global Lime in the bankruptcy court, as that court has stated.  *See* Rec. Doc. No. 22-2.

Section 1334(b) and proceeds to consider the grounds for equitable remand.

The following factors are considered in determining the propriety of equitable remand: (1) forum non conveniens; (2) bifurcation of the civil action; (3) centralization of the entire action in one court; (4) expertise of the particular court; (5) duplicative or wasteful use of judicial resource; (6) prejudice to involuntarily removed parties; (7) comity issue; and (8) a diminished likelihood of inconsistent results. *Orion*, 319 B.R. at 488.

Considering the relevant factors, state court is a more convenient forum than Texas bankruptcy court since the facility alleged to be hazardous is located in New Orleans and plaintiffs seek to sue on behalf of over 600 area residents.[18] The presence of fourteen nondebtor defendants[19] also favors remand. "Because there is no evidence in the record that all of the defendants consent to removal, it would be inequitable to require them to litigate in federal court if they chose to litigate in state court." *Orion*, 319 B.R. at 488. Moreover, given the progress that has been made in state court, judicial resources would be wasted and comity disregarded by retaining this litigation in federal court and necessitating the redundant actions than would

---

[18] Rec. Doc. No. 13-2, p. 13.

[19] Rec. Doc. No. 13-2, p. 13.

undoubtedly ensue.[20]  No factor legitimately favors retaining jurisdiction.  Therefore, the Court finds that equitable remand pursuant to Section 1452(b) is an additional basis warranting remand of this matter.[21]  Defendants' motion to transfer venue is thereby moot.

Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[22] is **GRANTED** and the case is **REMANDED** to Civil District Court for the Parish of Orleans.

**IT IS FURTHER ORDERED** that the motion to transfer venue filed on behalf of defendants,[23] Air Liquide - Big Three, Inc., f/k/a Lincoln Big Three, Inc., Air Liquide America Corp., and Air Liquide America L.P., is **DISMISSED AS MOOT**.

New Orleans, Louisiana, January __24th__, 2007.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[20]For instance, plaintiffs note that substantial discovery has taken place in state court in the year since this action was originally remanded and plaintiffs have moved towards a class certification hearing.  Rec. Doc. No. 13-2, p. 3.

[21]Having found remand warranted by both the rule of unanimity and Section 1452(b), the Court need not consider plaintiffs' other arguments.

[22]Rec. Doc. No. 14.

[23]Rec. Doc. No. 5.